NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.— August, 1886.

## MATTER OF ROSENFIELD.

*In the matter of the estate of* CAROLINE ROSENFIELD, *deceased.*

The docketing of a judgment rendered against an executor in an action brought against the decedent in his lifetime, upon a debt of the latter, does not preclude the creditor from petitioning for a disposition of decedent's real property, under Code Civ. Pro., § 2750, which deprives "a creditor, by a judgment which is a lien upon" such property, of the right to institute a special proceeding for such a purpose.

An inquest is " a trial upon the merits," within the meaning of Code Civ. Pro., § 2756, making a judgment rendered upon such a trial presumptive evidence of the debt, for the purposes therein specified.

The will of testatrix provided : " After all my just debts and funeral expenses are paid out of my estate by my executors, I give and bequeath" certain pecuniary legacies ; bestowed one half of the residue of the

estate, both real and personal, upon A., absolutely, and the other half upon A. and B., "after the payments, divisions and bequests as aforesaid," in trust for a purpose stated ; and empowered the executors to sell the whole or any part of the real and personal estate, ordering them to invest the proceeds, or sell any securities, as might seem most proper for carrying into effect the " provisions of this will."—

*Held,* that the real property was expressly charged with the payment of debts, and subject to a valid power of sale for that purpose, and therefore could not be disposed of by virtue of a decree of the Surrogate's court (Code Civ. Pro., § 2759).

PETITION by alleged creditor, for disposition of decedent's real property for payment of debts.

LOUIS COHEN, *for creditor.*

H. E. FARNSWORTH, *for heir.*

BERNARD METZGER, *for executors.*

THE SURROGATE.—The will of Caroline Rosenfield was admitted to probate in August, 1884. On April 2d, 1885, Jacob Wallach, claiming to be a creditor of her estate, commenced proceedings under title 5, of chapter 18 of the Code of Civil Procedure for the disposition of her real property.

He alleged in his petition the death of the testatrix, her indebtedness, his commencement of an action against her in her lifetime on account of that indebtedness, the pendency of such action at her decease, its subsequent revival against her legal representatives, and the recovery of a judgment against them for about $2,500. He further alleged that the amount of personal property of the decedent in the hands of her executors was insufficient to satisfy such judgment, and prayed for a decree directing the disposition of so much of the real property of which the testatrix died seized as would be sufficient for the

payment of her debts.   To this petition answers have been interposed by the executors and by one of the legatees.   It is alleged by such answers that the petitioner's judgment against the executor was not obtained after a trial upon the merits, and it is denied that the personal estate is inadequate to satisfy the just and legal claims of creditors.   It is also alleged that there is now pending before a referee an accounting proceeding, in the course of which it is expected that the last named allegation will be fully demonstrated.

Among the provisions of decedent's will are the following:  "After all my just debts and funeral expenses are paid out of my estate by my executors hereinafter named, I give and bequeath," etc.   Then follows a list of certain pecuniary legacies amounting in all to $8,500.   Then, "I give, devise and bequeath unto my daughter, Dora, one half part of all the rest, residue and remainder of my estate, both real and personal, to have and to hold the same to her own proper use and as her own separate estate and to her heirs and assigns forever.   I give, devise and bequeath unto my said daughter, Dora, and to her husband, Simon Moses, the remaining one half part of my estate, both real and personal, *after the payments, divisions and bequests as aforesaid,* in trust nevertheless . . . . to pay, the rents, income, etc. . . . . unto my son, David, for his own proper use, support and maintenance for his life," with remainder, etc.

The tenth clause of the will is as follows:

"I hereby authorize and empower my said execu-

tors to mortgage or otherwise encumber my said estate, real or personal, if they deem it for its interest so to do, and in their discretion to sell or dispose of the whole or any part of my real and personal estate, and to execute and deliver good and sufficient deeds of conveyance therefor to the purchaser or purchasers thereof, and I order and direct my said executors to invest the moneys arising from the proceeds of such sale, or sell any such securities, as in their judgment and discretion may seem most proper for carrying into effect *the provisions of this will* and the trusts thereby created."

It is insisted by counsel for the executors, and by the special guardian of certain infant legatees, that, upon the above stated facts, the petition should be dismissed for several reasons—

*1st.* It is claimed that, as half of the residue of the estate is given to the executors, the judgment obtained against them, as executors, is a lien against the decedent's real estate within the meaning of § 2750 of the Code. I think otherwise. The lien referred to in that section is such a lien as attached during the life of the decedent herself. The mere entry and docketing of the petitioner's judgment is not of itself, therefore, a bar to this proceeding.

*2d.* It is urged that the judgment in question was not rendered after a trial upon the merits within the meaning of § 2756. This contention I think unsound. The papers show that an inquest was taken and the plaintiff must have been required to prove all the material allegations of his complaint which were

.denied by the answer.    This would constitute a trial on the merits.

3d. The respondents suggest that, under the circumstances here disclosed, the granting of the petition should in any event be delayed until the determination of the pending accounting proceeding.    If I did not feel bound to deny the application altogether, I should adopt this suggestion.    Section 2759, subd. 5, provides that a decree directing the disposition of a decedent's real property shall not be entered until the Surrogate shall have been made satisfied that all the personal property " which could have been applied to the payment of debts has been so applied."    There is no better or more expeditious way of ascertaining the facts in this regard than by pushing to a close the proceeding for accounting.

4th. But I am convinced, upon full consideration of these matters, that by the terms of the will the property sought to be disposed of is expressly charged with the payment of debts, and is subject to a valid power of sale for that purpose (White v. King, 7 *Civ. Pro. Rep.*, 267 ; Dennis v. Jones, 1 *Dem.*, 80 ; Lupton v. Lupton, 2 *Johns. Ch.*, 614 ; Reynolds v. Reynolds, 16 *N. Y.*, 367, and cases cited).

Under § 2759 of the Code, this petition must, therefore, be dismissed altogether.